UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEFFERICK MAJORS,                        )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        No. 1:25-cv-01296-JPH-MJD
                                         )
BENEVEDES Serg.,                         )
WALKER Officer,                          )
SUTTON Officer,                          )
                                         )
                Defendants.              )

**ORDER GRANTING MOTION TO ALTER AND AMEND JUDGMENT**

Plaintiff Jefferick Majors filed this civil action on June 27, 2025, alleging violations of his Eighth and Fourteenth Amended rights when the defendants failed to properly replace a meal tray that contained a contact lens. Dkts. 1, 11. Because he was a "prisoner" pursuant to 28 U.S.C. § 1915A, the Court screened Mr. Majors's complaint. Dkt. 11. His complaint was dismissed for failure to state a claim upon which relief may be granted, and the Court ordered Mr. Majors to show cause why judgment consistent with the screening order should not issue. *Id.* Mr. Majors failed to file a response by the December 15, 2025 deadline to show cause, *see id.*, and the Court consequently dismissed this action on February 27, 2026. Dkts. 12, 13.

On March 5, 2026, Mr. Majors filed a motion to alter and amend judgment or, in the alternative, grant relief from judgment pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). Dkt. 14. For the reasons set forth, Mr. Majors's motion is **GRANTED**.

1

## I. Legal Standard

"Relief under Rule 59(e) is generally reserved for extraordinary cases, and for a motion to be successful, the movant must clearly establish: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025) (internal quotations and citations omitted). "[I]t is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (internal quotation and citation omitted). Majors filed the instant motion within twenty-eight days of the entry of final judgment, and the Court therefore does not consider the motion under a Fed. R. Civ. P. 60(b) standard. *See, e.g.*, *Cotton v. Stellantis*, No. 1:22-cv-00113-JMS-MKK, 2025 WL 1333779, at *1 (S.D. Ind. May 7, 2025) ("A motion to reconsider is analyzed under Federal Rule of Civil Procedure 59(e) when it is brought within twenty-eight days of the entry of final judgment, but under Federal Rule of Civil Procedure 60(b) when it is brought outside of the timeframe." (citing *Barnett v. Raoul*, 844 F. App'x 916, 918 (7th Cir. 2021))).

## II. Analysis

Mr. Majors submits that judgment in this action should be reconsidered for reason of newly discovered evidence. Specifically, Mr. Majors submits evidence that, on December 3, 2025, he provided a motion for leave to amend his complaint and an amended complaint to Delmas Sexton, II, an Offender

Law Library Clerk at Pendleton Correctional Facility ("Pendleton") and that he requested the documents be filed with the Court. Dkt. 15 at ¶¶ 6, 8, 9. The amended complaint includes allegations that Mr. Majors became ill from the subject meal, allegations absent in the screened-out complaint. Dkt. 14-1 at 8-13; *c.f.* dkt. 1. The Court relied on Mr. Majors's failure to allege an injury in screening out and dismissing his original complaint. Dkt. 11 at § III.

Mr. Sexton failed to file the documents. Dkt. 15 at ¶ 13. Mr. Majors was unaware of this error until he received the Order dismissing this case and the Final Judgment. *Id.* at ¶¶ 12, 14. Mr. Majors had provided the documents to Mr. Sexton twelve days before the show cause deadline. The Court interprets the motion for leave to amend and the amended complaint to respond to the Order to show cause. *See, e.g.*, *Miranda-Sanchaez v. Floyd Cnty. Jail*, No. 2:16-cv-00405-WTL-DKL, 2017 U.S. Dist. LEXIS 38562, at *2-3 (S.D. Ind. Mar. 17, 2017) (interpreting an amended complaint as a response to an order to show cause following screening and dismissal of the original complaint).

The evidence, presented to the Court in the form of Mr. Sexton's affidavit, dkt. 15, precludes entry of judgment for Mr. Majors's failure to timely show cause. Mr. Majors acted reasonably and diligently in providing his amended complaint to a Pendleton staff member with authority to file it on his behalf. Upon learning that the documents had not been filed after final judgment, Mr. Majors filed the instant motion with his newly-discovered evidence attached.

### III. Conclusion

Plaintiff's motion to alter or amend judgment, dkt. [14], is **GRANTED**. The order dismissing this case, dkt. [12], and the entry of final judgment, dkt. [13], are **STRICKEN**. The **clerk is directed** to separately docket the amended complaint at pages 8 through 13 of docket 14-1. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A in due course.

**SO ORDERED**.

Date: 4/14/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFERICK MAJORS
261025
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

4